**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

KAREN BORN,                          :
                                     :
        Plaintiff,                   :        Civil Action No. 13-2963 (JAP) (TJB)
                                     :
                v.                   :        **OPINION**
                                     :
ABERDEEN POLICE DEP'T, et al.        :
                                     :
        Defendants.                  :
_____:

PISANO, District Judge.

        This matter is before the Court on Defendants' motion to dismiss Plaintiff's Complaint for

failure to state a claim upon which relief can be granted.  The Court has decided this motion based

on the submissions of the parties and without oral argument pursuant to Fed. R. Civ. P. 78.  For the

reasons set forth below, Defendants' motion to dismiss is granted in part and denied in part.

**I.      Background**

        Plaintiff Karen Born ("Plaintiff"), appearing *pro se*, filed a civil action against the Aberdeen

Township Police Department in 2009, which asserted claims for harassment, stalking, false arrest,

and malicious prosecution based on various incidents from 1998 up through and including July

2009.  This action was eventually dismissed in its entirety on March 9, 2010 after several motions

were filed by the defendants [hereinafter, the "2009 Action"].  Plaintiff appealed this order of

dismissal to the Third Circuit.  The appeal was denied on October 14, 2010.

        On May 8, 2013, Plaintiff filed this current action against the Township of Aberdeen, the

Aberdeen Police Department, the Honorable Scott Basen, Police Chief John Powers, Sergeant

Derechailo, Sergeant Chevalier, Police Officer Lasko, Police Officer Hausmann, Police Officer

Desarno, Police Officer Griffith, Police Officer Maisano, Police Officer Albierto, Police Officer

Peter, Police Officer Mary Johnson, and Police Officer Grivas (together, the "Defendants"). Plaintiff thereafter filed an "Amendment for Lawsuit" on September 16, 2013. Plaintiff alleges that, in retaliation for filing the 2009 Action, she has been subject to retaliation in the form repeated harassment, false arrest, malicious prosecution, illegal seizures, "stalking," and lack of due process. Her lawsuit is based on a litany of allegations against various members of the Aberdeen Police Department, ranging from 2010 through the present. Specifically, she alleges that, starting one day after the Third Circuit denied her appeal on October 14, 2010, various Aberdeen Police officers have (1) issued her approximately twenty-three traffic tickets and various summons, (2) failed to follow up on a rape report that Plaintiff made in August of 2009 or 2010, (3) persistently "stalked" Plaintiff by driving past her house at various times or following her, (4) seized and assaulted Plaintiff when her mother called the police to her house after an argument on November 10, 2012, (5) falsely arrested and maliciously prosecuted Plaintiff on December 4, 2012 when an officer arrested her for false public alarm charge, and (6) seized Plaintiff on December 24, 2012 by not allowing her to leave the house until a mental health screener came to her house. Plaintiff also alleges that Judge Scott Basen has violated her rights by finding that probable cause did not exist on Plaintiff's criminal complaints, by scheduling a court day devoted to her traffic violations, and by generally showing a bias against her, such as by issuing her the maximum fines for certain traffic tickets. Plaintiff further alleges that she has been diagnosed as having complex post-traumatic stress disorder.

Since filing her lawsuit, Plaintiff amended her Complaint to allege that a woman driving a beige van that she alleges belongs to the Defendant Powers, the Police Chief of the Aberdeen Police Department, tailgated her car during her drive home on May 13, 2013 in retaliation. She also alleges that her car has been vandalized several times, but the Aberdeen Police officers have not

investigated these acts of vandalism despite her reports.  She believes that the vandalism is connected to the Aberdeen Police because the Police Chief lives close to her.

The Court construes Plaintiff as asserting the following claims under 42 U.S.C. § 1983:  (a) retaliation for filing a complaint in violation of her First Amendment rights, as incorporated against the states through the Fourteenth Amendment, (b) false arrest in violation of her Fourth Amendment rights, (c) malicious prosecution in violation of her Fourth Amendment rights, and (d) deprivation of liberty without due process in violation of the Fourteenth Amendment by stalking and harassing her.  Plaintiff claims to also bring a claim under the Americans with Disability Act (the "ADA").

Defendants moved to dismiss the Complaint on January 7, 2014, alleging that it fails to state a claim upon which relief can be granted.  Plaintiff requested three extensions of time to file her opposition.  The Court granted her first two requests, eventually extending Plaintiff's time to oppose the motion until February 21, 2014, but warned Plaintiff that it would not grant her any further extensions.  Plaintiff disregarded the Court's Order, and, two weeks after the new date that her opposition brief was due, requested a third extension.  The Court denied this request on March 12, 2014.  Unperturbed, Plaintiff filed her opposition brief on March 24, 2014, along with a second amended complaint.  While this opposition brief is both untimely and provides no reason why the Court should revisit its Order denying Plaintiff's request, the Court has reviewed the Plaintiff's opposition and considered it in making its decision.  The Court, however, will not allow Plaintiff to simply file a seconded amended complaint without following the requirements of both Fed. R. Civ. P. 15(b) and Local Civ. R. 7.1(f).  Therefore, to the extent that Plaintiff has requested a second amended complaint be entered, this request is denied at this time.

## II.    <u>Standard of Review</u>

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted."  When reviewing a motion to dismiss,

courts must first separate the factual and legal elements of the claims, and accept all of the well-pleaded facts as true. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). All reasonable inferences must be made in the Plaintiff's favor. *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010).

In order to survive a motion to dismiss, the plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This standard requires the plaintiff to show "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). When assessing the sufficiency of a civil complaint, a court must distinguish factual contentions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Any legal conclusions are "not entitled to the assumption of truth" by a reviewing court. *Id.* at 679. Rather, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*; *see also Fowler*, 578 F.3d at 210 (explaining that "a complaint must do more than allege a plaintiff's entitlement to relief").

Generally, the Court's task in assessing a motion to dismiss requires it to disregard any material beyond the pleadings. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). A district court may, however, consider the factual allegations within other documents, including those described or identified in the complaint and matters of public record, if the plaintiff's claims are based upon those documents. *See id.* at 1426; *see also Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (explaining that the court may properly consider the "complaint, exhibits attached to the complaint, matters of public record, as well as indisputably authentic

4

documents if the complainant's claims are based upon these documents").  Furthermore, a court need not accept allegations as true that are contradicted by the documents upon which a party's claims are based.  *See Warburton v. Foxtons, Inc.*, Civil Action No. 04-2474, 2005 U.S. Dist. LEXIS 39615, at *10 (D.N.J. June 13, 2005) (citing *Genesis Bio-Pharmaceuticals, Inc. v. Chiron Corp.*, 27 F. App'x. 94, 99-100 (3d Cir. Jan. 10, 2002)).  Accordingly, in resolving this motion, the Court shall consider the exhibits attached to the Declaration of David A. Schwartz ("Schwartz Decl."), all of which form the basis of Plaintiff's claims, are referenced directly in the Complaint, and/or are matters of public record.  Therefore, the Court relies on these documents in deciding this motion to dismiss.

### III.   Discussion

#### A.   Plaintiff's ADA Claim

In her Complaint, Plaintiff has alleged that she is bringing a claim under the ADA because she suffers from complex post-traumatic stress disorder.  The ADA, however, offers statutory protection against a disabled "employee."  Specifically, the ADA mandates that an employment may not discriminate against a disabled individual with regard to "the hiring, advancement, or discharge of employees."  42 U.S.C. § 12112(a) (emphasis added).  As defined in the Act, an employee is "an individual employed by an employer."  *Id.* at § 2000e(f) (emphasis added). Therefore, a plaintiff is only able to bring a cognizable claim under the ADA if they are or are applying to be an employee; the Act does not allow an independent contractor to bring a claim.  *See, e.g., Wojewski v. Rapid City Reg'l Hosp., Inc.*, 450 F.3d 338, 342 (8th Cir. 2006) ("While the ADA protects 'employees,' the Act does not protect independent contractors."); *Menkowitz v. Pottstown Mem'l Med. Ctr.*, 154 F.3d 113, 122 (3d Cir. 1998) (explaining that Title I of the ADA applies only to employees).  Therefore, any of Plaintiff's claims arising under the ADA must be dismissed.

**B.      Statute of Limitations under § 1983**

Claims under Section 1983 are limited by the state statute of limitations that governs personal injury actions. *Cito v. Bridgewater Township Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989). In New Jersey, N.J.S.A. 2A:14-2 mandates a two-year statute of limitations period for personal-injury torts from the date the tort accrues. "Thus, a section 1983 claim arising in New Jersey has a two-year statute of limitations." *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). Here, Plaintiff filed her Complaint on May 8, 2013. Therefore, any conduct alleged to have occurred prior to May 8, 2011 is barred by the two-year statute of limitations. Consequently, Plaintiff's claims relating to the allegations of August 23, 2009 or 2010; October 15, 2010; and March 15, 2011 are dismissed.[1]

**C.      Claims against the Township and the Police Department**

"When a suit against a municipality is based on § 1983, the municipality can only be liable when the alleged constitutional transgression implements or executes a policy, regulation or decision officially adopted by the governing body or informally adopted by custom." *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996); *see also Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978). A government policy is "made when a decisionmaker possessing final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict." *Beck*, 89 F.3d at 971 (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). A course of conduct is informally adopted by custom when "such practices of state officials are so permanent and well settled as to virtually constitute law." *Id.* This rule also applies to police departments. *See Couden v. Duffy*, 446 F.3d 483, 500 (3d Cir. 2005). In order to state a claim under Rule 8(a), a plaintiff "must identify a custom or policy, and specify

---

[1] Plaintiff argues that the alleged incidents of harassment and staking constitute an ongoing violation of her rights so that the continuing violation doctrine should apply. The Court disagrees. Plaintiff's allegations amount to a series of discrete incidents to which the continuing violation doctrine is inapplicable.

what exactly that custom or policy was." *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009).

Here, Plaintiff has alleged no policy or custom of harassment or stalking or any other constitutional wrongdoing adopted by the Township of Aberdeen or the Aberdeen Police Department.  Rather, Plaintiff appears to allege that the individual police officers were motivated by a personal animus towards her.  Therefore, her claims against the Township of Aberdeen and the Aberdeen Police Department are dismissed.

      **D.**      **Claims against Aberdeen Police Chief Powers**

"[I]t is well established that [an individual] must have had 'personal involvement in the alleged wrongdoing' in order to be liable under § 1983 because individual liability 'cannot be predicated solely on the operation of *respondeat superior*.'" *Walsifer v. Borough of Belmar*, 262 F. App'x 421, 425 (3d Cir. 2008) (quoting *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005)). While Plaintiff has named Chief Powers as a defendant in this case, she has not alleged any facts in either her Complaint or her first amendment that show that Defendant Powers personally directed any of the alleged violations by the various Aberdeen police officers, or had actual knowledge of the alleged violations and acquiesced to them.  *See Turner v. AG Pa.,* 505 F. App'x 95, 98 (3d Cir. 2012).  In her first amendment, Plaintiff alleges that someone driving a van that looks like Defendant Powers' van followed her home one day.  Assuming, *arguendo*, that this van that followed Plaintiff did belong to Defendant Powers, such an allegation still does not establish that Powers himself "*personally* participated, condoned, or even knew of [the officers'] allegedly improper conduct."  *Walsifer*, 262 F. App'x at 425.  Therefore, any claims against Defendant Powers are dismissed.

      **E.**       **Claims against Judge Scott Basen**

Judges are protected with absolute immunity for nearly all judicial acts. There are only two narrow and infrequently applied exceptions to the doctrine of judicial immunity: (1) if the judge engages in nonjudicial acts; or (2) if the judge acts in such a way that, "though judicial in nature, [is] taken in the complete absence of all jurisdiction." *Gallas v. Supreme Court*, 211 F.3d 760, 769 (3d Cir. 2000) (citing *Mireles v. Waco*, 502 U.S. 9, 12 (1991)). A judge is entitled to immunity even if "the action he took was in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-67 (1978); *see also Forrester v. White*, 484 U.S. 219, 227 (1988) (explaining that a judicial act "does not become less judicial by virtue of an allegation of malice or corruption of motive"). "Immunity will not be forfeited because a judge has committed grave procedural errors, or because a judge has conducted a proceeding in an 'informal and ex parte' manner.  Further, immunity will not be lost merely because the judge's action is 'unfair' or controversial." *Gallas*, 211 F.3d at 769 (internal citations omitted). This judicial immunity provides immunity from suits, not merely from an assessment of damages. *See Mireles*, 502 U.S. at 11.

Here, Plaintiff fails to assert any allegations against Judge Basen that shows he acted outside his judicial capacity.  Her allegations relate to the actions of a judge handling municipal court proceedings, in which Plaintiff was defending her various traffic tickets, or to the actions of a judge determining whether there was probable cause to issue a summons against certain police officers. Accordingly, Plaintiff has failed to assert any actionable claim against this judicial defendant.  The Complaint contains absolutely no allegations either implying that Judge Basen acted beyond the scope of his judicial authority, or that Judge Basen acted in the complete absence of all jurisdiction. While Plaintiff alleges that the named judges acted in ways that were unethical or biased, allegations of such behavior is not enough to bring a claim against a judge. *See Forrester*, 484 U.S.

at 227; *Gallas*, 211 F.3d at 769. Therefore, Plaintiff's claims against Judge Basen must be dismissed.

**F.      Claims of Retaliation**

To prove that Defendants violated her First Amendment rights, as incorporated against the states through the Fourteenth Amendment, by retaliating against her for filing the 2009 Action, Plaintiff must show: "(1) that [she] engaged in protected activity; (2) that the government responded with retaliation; and (3) that the protected activity was the cause of the retaliation." *Estate of Smith v. Marasco*, 318 F.3d 497, 512 (3d Cir. 2003). In order to establish causation, a plaintiff usually must prove some temporal proximity between the protected activity and the retaliatory conduct. This proximity, however, "must be 'unusually suggestive' of retaliatory motive before a causal link will be inferred." *Id.* at 512-13 (citing *Am. Sterilizer Co.*, 126 F.3d 494, 503 (3d Cir. 1997)). If the temporal proximity is not so close as to be unduly suggestive, "timing plus other evidence may be an appropriate test." *Thomas v. Town of Hammonton*, 351 F.3d 108, 114 (3d Cir. 2003) (quotation and citation omitted). For example, a pattern of antagonism following the protected conduct can also give rise to the inference. *See Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 280-81 (3d Cir. 2000).

Here, Plaintiff has alleged several bases for her retaliation claim. The first relates to the filing of her complaint in the 2009 Action. Plaintiff has alleged that, as a result of the 2009 Action, Defendants have retaliated against her by issuing twenty-three traffic tickets to her and otherwise harassing her. Plaintiff filed the 2009 Action on April 6, 2009. Plaintiff's first example of allegedly retaliatory conduct occurred on October 15, 2010. The lack of temporal proximity—over eighteen months—between the protected act and the alleged retaliation suggests that the necessary causation is not present here. Plaintiff also filed an appeal of the district court's dismissal of the 2009 Action on March 29, 2010. This six-month period also fails to establish the temporal proximity necessary

to create a presumption of causation.  *See Williams v. Phila. Hous. Auth. Police Dep't*, 380 F.3d 751, 760 (3d Cir. 2004) (finding a passing of two months between the alleged retaliatory conduct and the protected activity was not proximate enough to be "unduly suggestive").  Plaintiff has failed to allege an intervening pattern of antagonism, or any other similar circumstantial evidence, that would otherwise connect the events.  Therefore, this basis for a retaliation claim is dismissed.

Other than the filing of the 2009 Action and its appeal, Plaintiff also engaged in protected activity when she attempted to file criminal charges against Defendant Hausmann on or about December 4, 2012.  Plaintiff alleges that, on the same day that she attempted to file a criminal charge against Defendant Hausmann, she was arrested on a charge of false public alarm by Defendant Lasko in retaliation for her protected activity.  While the temporal proximity between the protected activity and the allegedly retaliatory conduct of arresting Plaintiff is clearly so close as to create a presumption of causation, this claim still must fail.  The circumstances of this case do not indicate that the officer who arrested Plaintiff acted in retaliation, despite the temporal proximity.  Plaintiff was arrested and charged with false public alarm, in violation of N.J.S.A. 2C:33-3(e), for placing two non-emergency calls to 911.  *See* Schwartz Decl. Ex. O.  This charge was then amended to false reports to law enforcement authorities, in violation of N.J.S.A. 2C:28-4(b), and Plaintiff was eventually found guilty of this charge at a trial on October 9, 2012.  Because Plaintiff committed the crime she was arrested for, she has failed to prove that there is any causation between the protected act of attempting to file a criminal charge and her arrest.  An arrest cannot be called "retaliatory conduct" if Plaintiff committed the crime with which she was charged.  Further, there are no allegations in the Complaint that indicate that Defendant Lasko was even aware that Plaintiff had attempted to file such a charge against a different police officer.  While the actions were temporally proximate, it appears that is simply a coincidence.

Finally, Plaintiff has alleged that she has been retaliated against since filing this complaint. In her first amendment, she alleges that she was followed on her way home on May 13, 2013 by a woman driving a beige van that resembles a van that Chief Police Powers owns. She has also alleged that her car has been vandalized, and she believes that the people who vandalized her care are connected to the Aberdeen Police Department because Police Chief Powers lives by her. These allegations are mere speculation and do not allege a claim for retaliation. Therefore, Plaintiff's claim for retaliation under the First Amendment must be dismissed.

### G.   Fourth Amendment Claims

#### 1.   *Claims for False Arrest*

A plaintiff must establish two elements to state a claim for false arrest: "(1) that there was an arrest; and (2) that the arrest was made without probable cause." *Islam v. City of Bridgeton*, 804 F.Supp.2d 190, 197 (D.N.J. 2011). A claim for false arrest, therefore, requires a showing of a lack of probable cause. *See Groman*, 47 F.3d at 634. However, under the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), "a § 1983 action that impugns the validity of the plaintiff's underlying conviction cannot be maintained unless the conviction has been reversed on direct appeal or impaired by collateral proceedings." *Gilles v. Davis*, 427 F.3d 197, 208-209 (3d Cir. 2005).

Here, Plaintiff has alleged that she was falsely arrested on December 4, 2012 and charged with filing false public alarms in violation of N.J.S.A. 2C:33-3(e). This charge was downgraded to a violation of N.J.S.A. 2C: 28-4(b), for filing false reports to law enforcement authorities. Plaintiff was found guilty of this charge on October 10, 2013. Plaintiff has not alleged that this conviction has been reversed on direct appeal or otherwise impaired by collateral proceedings. Therefore,

because a judgment in favor of Plaintiff on her claim for false arrest would necessarily imply the invalidity of her conviction, the *Heck* doctrine bars Plaintiff's false arrest claim.[2]

2.     *Claim for Malicious Prosecution*

In her Complaint, Plaintiff has also brought a claim for malicious prosecution based upon the traffic tickets and summons she has been issued by the Aberdeen Police.[3]  In order to prevail on a claim of malicious prosecution, a plaintiff must prove:

> (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Estate of Smith*, 318 F.3d at 521.  The Court finds that, while the issuance of various traffic summons and citations and resulting court appearances may be an annoyance, they simply do not result in the deprivation of liberty consistent with the concept of a "seizure" that is necessary to support a claim for malicious prosecution under § 1983.  The Third Circuit has explained that "prosecution without probable cause is not, in and of itself, a constitutional tort.  The type of constitutional injury the Fourth Amendment is intended to redress is the deprivation of liberty accompanying prosecution, not prosecution itself."  *DiBella v. Borough of Beachwood*, 407 F.3d 599, 603 (3d Cir. 2005) (quotation omitted).  Consequently, "[a]ttending one's trial is not a government 'seizure' in a 42 U.S.C. § 1983 malicious prosecution action."  *Id.* (finding no significant seizure to support a malicious prosecution charge where the plaintiffs "were only issued a summons; they were never arrested; they never posted bail; they were free to travel; and they did not have to report to Pretrial Services").  Here, Plaintiff has alleged that several of the tickets issued to her were dismissed, and that she has had to attend court proceedings for at least some of these

---

[2] To the extent that Plaintiff's false arrest claim is premised upon any of the traffic summons or stops that ultimately concluded in a conviction, these claims are also barred by the *Heck* doctrine.

[3] Plaintiff appears to also base her malicious prosecution claim on her arrest on December 4, 2012.  Plaintiff, however, was eventually found guilty of filing false reports to law enforcement authorities.  Therefore, Plaintiff cannot establish a claim for malicious prosecution.

tickets and summons.  This is not enough to constitute the required "seizure" necessary for a § 1983 claim for malicious prosecution.

Even if the Court considers Plaintiff's claim as one for malicious use of process pursuant to § 1983—the standard that New Jersey courts have used when analyzing claims for the prosecution of certain traffic offenses—Plaintiff's claim still fails.  *See Vickey v. Nessler*, 230 N.J. Super. 141, 149-50 (App. Div. 1989).  There are five elements to a claim for malicious use of process:  (1) an action was instituted by the defendant against the plaintiff; (2) the action was motivated by malice; (3) there was an absence of probable cause to prosecute; (4) the action was terminated favorably to plaintiff; and (5) the plaintiff has suffered a special grievance.  *See LoBiondo v. Schwartz*, 199 N.J. 62, 90 (2009).   A special grievance "consists of interference with one's liberty or property." *Penwag Prop. Co. v. Landau*, 76 N.J. 595, 598 (1978). New Jersey courts "interpret 'liberty' as including the entire bundle of freedoms afforded by the Constitution . . . ." *LoBiondo v. Schwartz*, 323 N.J. Super. 391, 424 (App. Div. 1999).  Although "special grievance is an elusive concept," *id.* at 423, it is clear that counsel fees and other costs in defending an action do not constitute a special grievance to support a claim for malicious use of process.  *See Penwag*, 76 N.J. at 598.  Here, Plaintiff's Complaint is devoid of allegations of any special grievance.  In her opposition, she points to her counsel fees and other costs affiliated with defending the various traffic tickets and summons she has been issued as examples of a special grievance. It is well-established that such allegations do not establish a special grievance, as these allegations do not constitute any deprivation of Plaintiff's liberty or property.  Therefore, any claim for malicious use of process is likewise dismissed.

### H.    Fourteenth Amendment Claim for Deprivation of Liberty

In their brief, it appears that Defendants have interpreted Plaintiff's allegations of stalking and harassment by the police as a claim for unreasonable seizure.  As discussed above, after

reviewing Plaintiff's Complaint, the Court construes Plaintiff's allegations of repeated stalking and harassment as one for deprivation of liberty without due process.   Plaintiff's Complaint is clear on its intent to bring a claim under the Fourteenth Amendment; in fact, Plaintiff explicitly states that she is bringing a claim under the "14th—Due process Clause—Freedom & Liberty Clause," and goes on to state that the Aberdeen Police's behavior was "in violation of her right to liberty. . . ." Compl. at 7.

A claim for an alleged violation of a substantive due process right, such as a person's liberty interest, exists when a government employee's conduct "amounts to an abuse of power that shocks the conscience." *Fagan v. City of Vineland*, 22 F.3d 1296, 1303 (3d Cir. 1994).  While several of Plaintiff's factual allegations, such as instances of police riding past her house, following her home, or refusing to investigate certain acts of vandalism, may not satisfy the "shock the conscience" standard, Plaintiff has referenced certain instances of police conduct, such those occurring on or about November 10, 2012[4] and December 24, 2012, that could reach such a standard.  Because Defendants have not addressed these claims in their motion to dismiss, the Court will reserve judgment on this claim and allow Defendants to address them in either a second motion to dismiss or in a motion for summary judgment.

## IV.    <u>Conclusion</u>

For the reasons stated above, Defendants' Motion to Dismiss will be granted in part and denied in part.  Plaintiff's informal application to file a second amended complaint is denied,

---

[4] Plaintiff has also asserted an Eighth Amendment claim based on this incident.  Plaintiff, however, has not pled sufficient facts to uphold her Eighth Amendment "cruel and unusual punishment" claim.  The protections of the Eighth Amendment are limited to incidents "after conviction and sentence."  Graham v. Connor, 490 U.S. 386, 392 n.6 (1989); *see also* Fuentes v. Wagner, 206 F.3d 335, 344 n. 11 (3d Cir. 2000) ("The Cruel and Unusual Punishments Clause was designed to protect those convicted of crimes and consequently the Clause applies only after the State has complied with the constitutional guarantees  traditionally associated with criminal prosecutions.") (citation omitted).  In her Complaint, Plaintiff states that the excessive force occurred when she was being handcuffed and brought to a hospital for a mental evaluation. Therefore, Plaintiff's Eighth Amendment claim must be dismissed, and these allegations will be analyzed under the Fourteenth Amendment.

without prejudice.  As this request is denied without prejudice, Plaintiff may file another Motion to Amend in accordance with the Federal Rules of Civil Procedure.  An appropriate Order accompanies this Opinion.

/s/ Joel A. Pisano           
JOEL A. PISANO, U.S.D.J.

Dated: June 2, 2014