**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| KAREN BORN, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 13-2963 (JAP) (TJB) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| ABERDEEN POLICE DEP'T, et al. | : | |
| | : | |
| Defendants. | : | |
| | : | |

PISANO, District Judge.

This matter comes before the Court on two pending motions filed by *pro se* Plaintiff Karen Born ("Plaintiff"). The first is a motion for reconsideration of the Court's Order filed June 2, 2014, dismissing in part the Complaint. The second is a motion for a preliminary injunction. Defendants oppose these motions. For the reasons set forth below, the Court denies both motions.

## I.      Background and Procedural History

The Court recited the facts of this case in its Opinion dated June 2, 2014 ("Opinion"), and thus, the Court will only briefly recite the relevant facts herein and incorporates the facts set forth in its earlier Opinion for the purpose of this motion.

On May 8, 2013, Plaintiff filed this current action against the Township of Aberdeen, the Aberdeen Police Department, the Honorable Scott Basen, Police Chief John Powers, Sergeant Derechailo, Sergeant Chevalier, Police Officer Lasko, Police Officer Hausmann, Police Officer Desarno, Police Officer Griffith, Police Officer Maisano, Police Officer Albierto, Police Officer Peter, Police Officer Mary Johnson, and Police Officer Grivas (together, the "Defendants").

Plaintiff thereafter filed an "Amendment for Lawsuit" on September 16, 2013.  Plaintiff alleges

that, in retaliation for filing a lawsuit in 2009, *Born v. Township of Aberdeen, et al.*, 3:09-cv-

1602 (AET)(TJB) (the "2009 Action"), she has been subject to retaliation in the form repeated

harassment, false arrest, malicious prosecution, illegal seizures, "stalking," and lack of due

process.  Her lawsuit is based on a litany of allegations against various members of the Aberdeen

Police Department, ranging from 2010 through the present.  Specifically, she alleges that,

starting one day after the Third Circuit denied her appeal on October 14, 2010, various Aberdeen

Police officers have (1) issued her approximately twenty-three traffic tickets and various

summons, (2) failed to follow up on a rape report that Plaintiff made in August of 2009 or 2010,

(3) persistently "stalked" Plaintiff by driving past her house at various times or following her, (4)

seized and assaulted Plaintiff when her mother called the police to her house after an argument

on November 10, 2012, (5) falsely arrested and maliciously prosecuted Plaintiff on December 4,

2012 when an officer arrested her for false public alarm charge, and (6) seized Plaintiff on

December 24, 2012 by not allowing her to leave the house until a mental health screener came to

her house.  Plaintiff also alleges that Judge Scott Basen has violated her rights by finding that

probable cause did not exist on Plaintiff's criminal complaints, by scheduling a court day

devoted to her traffic violations, and by generally showing a bias against her, such as by issuing

her the maximum fines for certain traffic tickets.   Plaintiff further alleges that she has been

diagnosed as having complex post-traumatic stress disorder.

On June 2, 2014, the Court ruled on a motion to dismiss the Plaintiff's Complaint for

failure to state a claim.  The Court considered Plaintiff's claims for relief in light of the facts that

were pleaded in the complaint and in the "amendment for lawsuit," and in light of the prior

decisions of the District Court and the Third Circuit Court of Appeals that were disused in

related litigation brought by Plaintiff against the same defendants for many of the same causes of action.   The Court construed Plaintiff as asserting the following claims under 42 U.S.C. § 1983: (a) retaliation for filing a complaint in violation of her First Amendment rights, as incorporated against the states through the Fourteenth Amendment, (b) false arrest in violation of her Fourth Amendment rights, (c) malicious prosecution in violation of her Fourth Amendment rights, and (d) deprivation of liberty without due process in violation of the Fourteenth Amendment by stalking and harassing her.   Plaintiff also claims to also bring a claim under the Americans with Disability Act (the "ADA").   In its decision, the Court dismissed all of Plaintiff's claims except for the deprivation of liberty in violation of the Fourteenth Amendment claim, and granted Defendants leave to file another motion to dismiss to address the remaining claim.   On July 15, 2014, Plaintiff filed a motion for a preliminary injunction.   On August 18, 2014, Plaintiff filed a motion for reconsideration.

## II.    Plaintiff's Motion for Reconsideration

Motions for reconsideration are considered "extremely limited procedural vehicles." *Resorts Int'l v. Greate Bay Hotel & Casino*, 830 F. Supp. 826, 831 (D.N.J. 1992).  Indeed, a timely motion for reconsideration may only be granted upon a finding of at least one of the following grounds: "(1) 'an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice.'" *Carmichael v. Everson*, Civil Action No. 03-4787, 2004 U.S. Dist. LEXIS 11742, at *2–3 (D.N.J. 2004) (quoting *Database America, Inc. v. Bellsouth Advertising & Pub. Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993); *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).   "A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases

and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'" *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990) (quoting *Carteret Savings Bank, F.A. v. Shushan*, 721 F. Supp. 705, 709 (D.N.J. 1989)). Finally, the Court will only grant such a motion if the matters overlooked might reasonably have resulted in a different conclusion. *Bowers v. Nat'l Collegiate Athletic Assoc.*, 130 F. Supp. 2d 610, 613 (D.N.J.2001).

As a threshold matter, Plaintiff's motion for reconsideration fails because it was filed out of time. A motion for reconsideration must be "filed within fourteen days after the entry of the order or judgment on the original motion by the Judge . . . ." L. Civ. R. 7.1(i). Here, the Opinion was filed on June 2, 2014 and Plaintiff moved to reconsider on August 18, 2014, over seventy days after the Court ruled. Beyond that procedural bar, however, Plaintiff fails to assert a right to relief that satisfies the heavy burden in a motion for reconsideration. Plaintiff makes various arguments in support of reconsideration; these arguments, however, do not fall within any of the three limited categories that entitle her to the relief sought and are simply reiterations of the same arguments Plaintiff made in her opposition brief to the motion to dismiss.

First, Plaintiff argues that the operative date for her retaliation claim should have been May 2013, the date that she filed this action. Plaintiff appears to now argue that she was retaliated against by Defendants for filing this Complaint, and not the earlier 2009 Action, by having to attend four court sessions on her twenty-three traffic tickets that she was issued by Defendants. This argument, however, fails. Attending court sessions simply does not constitute retaliation. The scheduling of court sessions is a scheduling decision made by the Aberdeen Municipal Court. The Court has already dismissed Judge Basen from the matter on the grounds of judicial immunity. Further, there is no evidence of antagonism that suggests that the

scheduling of the court sessions was retaliatory.  More significantly, however, is that the retaliation claimed by Plaintiff in her Complaint relates to the 2009 Complaint, not the current matter.  Nor does it make any logical sense that Plaintiff's Complaint could contain a claim based on conduct that had not yet happen.  Simply put, there is no viable retaliation claim alleged in the Complaint, and Plaintiff has inappropriately used a motion for reconsideration as a vehicle to either re-argue her claim or amend it.

Next, Plaintiff argues that she did plead a policy or custom of constitutional wrongdoing. In order to successfully plead a § 1983 claim against a municipality, a party must show that his injury was caused by either a "policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers," or a "governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690–91, (1978).  The Court has already held, however, that Plaintiff has alleged no policy or custom of the Township of Aberdeen or the Aberdeen Police Department that directly caused a constitutional deprivation of Plaintiff.

Finally, Plaintiff claims that the malicious prosecution claims of October 15, 2010 should not have been dismissed because they were timely filed.  The Court, however, dismissed the malicious prosecution claims because Plaintiff had alleged no viable "seizure" that is necessary to support a claim for malicious prosecution under § 1983.  The Court also found that there was no viable special grievance alleged by Plaintiff, which is a necessary element to state a claim for malicious use of process under § 1983.  Plaintiff's motion to reconsider simply reargues the same legal points that were already made by Plaintiff in her opposition brief to the motion to dismiss and rejected by the Court.  Accordingly, both because Plaintiff's motion for reconsideration is

untimely and because it fails to meet the high burden of establishing adequate grounds for reconsideration of the Court's Order, the motion is denied.

### III.    Plaintiff's Motion for a Preliminary Injunction

In order to prevail on a motion for a preliminary injunction, the movant must satisfy four factors: "(1) a likelihood of success on the merits; (2) he or she will suffer irreparable harm if the injunction is denied; (3) granting relief will not result in even greater harm to the nonmoving party; and (4) the public interest favors such relief." *Miller v. Mitchell*, 598 F.3d 139, 147 (3d Cir. 2010) (citing *Child Evangelism Fellowship of N.J. Inc. v. Stafford Twp. Sch. Dist.*, 386 F.3d 514, 524 (3d Cir. 2004). A preliminary injunction "should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). Plaintiff is seeking a preliminary injunction from this Court based on her belief that the Aberdeen Police are stalking her. She is asking the Court to enjoin the Aberdeen Police from "stalking, following, invalid surveillance of [her]; trespassing on [her] property for no valid reason." Pl.'s Br. at 15.

When considering a motion for a preliminary injunction, the Court must first determine whether Plaintiff has a reasonable success on the merits of her claims. In order to establish a reasonable probability of success on the merits, the moving party must produce sufficient evidence to satisfy the essential elements of the underlying cause of action. *See Punnett v. Carter*, 621 F.2d 578, 582–83 (3d Cir. 1980). Plaintiff has simply failed to provide any objective evidence that she is being stalked such that would warrant enjoining an entire municipal police department from its routine patrol duties. Plaintiff's belief that she is being stalked is founded on her observations of the police near the Aberdeen train station, in her neighborhood, and near her house. Notwithstanding Plaintiff's conclusory reasons for her observations of the police,

6

Defendants have supplied evidence explaining why the police frequent the areas in which Plaintiff observes them.  In her previous lawsuit against the Aberdeen Police, Plaintiff had moved for similar injunctive relief based on complaints of the Aberdeen Police stalking her.  In response to this motion, Aberdeen Police Chief John Powers submitted a declaration, which Defendants rely on in opposition to this current motion.  In this declaration, Chief Powers explains that Plaintiff lives very close to a sewer pump station and a "cut-through" used by teenagers during the day and at night.  The police routinely patrol near the sewer pump station and the cut through, particularly at night.  *See* Declaration of Aberdeen Police Chief Powers, *Born v. Township of Aberdeen, et al.*, 3:09-cv-1602 (AET)(TJB), ECF No. 32-2 at ¶ 2.  Plaintiff also lives near the Aberdeen train station, the busiest train station in the North Jersey Coast Line, where the Aberdeen police have maintained a high profile presence at both day and night in order to ensure the safety of the riding public and those who drop off and pick up passengers.  *See id.* at ¶¶ 4–5.  Finally, Plaintiff lives a third of a mile from the Aberdeen Police Headquarters, explaining why patrol cars are often seen in that area.  *Id.* at ¶ 6.  Furthermore, it is noteworthy that much of the unlawful conduct alleged by Plaintiff in this motion were the subject of the 2009 lawsuit that was eventually dismissed, or were the subject of the claims brought in this action that were dismissed by the Court in its June 2, 2014 Opinion.  Accordingly, considering this evidence, the Court cannot find that Plaintiff has established a likelihood of success on the merits of any claim of "stalking" by the Aberdeen Police.

Perhaps more significantly, even if the Court assumes that Plaintiff could satisfy the first three factors, Plaintiff's motion must be denied because it clearly goes against the public interest to enjoin a municipal police department.  The Court cannot demand that police officers schedule patrols of a municipality based upon Plaintiff's desire to walk within the borders of the

municipality or to board a train at the Aberdeen station.  Police patrol of public streets and areas of high crime with potential harm to others is vital to protecting public safety.  The Court agrees with Defendants that the proposed restrictions implicit in Plaintiff's motion would have the impact of putting the public safety at immediate risk.  Considering that "the grant of injunctive relief is an extraordinary remedy, which should only be granted in limited circumstances," *Instant Air Freight Co. v. C.F. Air Freight Inc.*, 882 F.2d 797, 800 (3d Cir. 1989) (internal quotation marks omitted), Plaintiff's motion for a preliminary injunction must be denied.

**IV.    Conclusion**

For the foregoing reasons, Plaintiff's Motion for Reconsideration is denied.  Plaintiff's Motion for a Preliminary Injunction is also denied.  An appropriate Order accompanies this Opinion.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated: February 9, 2015

8